STATE OF LOUISIANA * CONCORDIA PARISH * 7TH JDC

**MARK A. WHITE**　　　　　　　　　　　　　　　　　　FILED: 5/11/18

Versus - # 51410  A

**CITY OF VIDALIA, et al.**　　　　　　　　　　　　　　CLERK: Wendel

## PETITION FOR DAMAGES

NOW INTO COURT, through undersigned counsel, comes Plaintiff, Mark A. White (hereinafter referred to as "Plaintiff" or "Mr. White"), a major resident of the State of Louisiana, who respectfully avers as follows:

### Parties, Jurisdiction, & Venue

1. The Defendants in this matter are:

   a. The City of Vidalia ("VIDALIA"), a municipality originated under the laws of the State of Louisiana;

   b. Mayor Edwy Gene "Buz" Craft ("CRAFT"), in his personal capacity, a major resident and domiciliary of Concordia Parish, Louisiana; and

   c. The Travelers Indemnity Company ("TRAVELERS"), a provider of insurance coverage for VIDALIA and CRAFT for the acts and omissions described herein, licensed to do and actually doing business in Louisiana.

2. As an action arising out of misconduct occurring and which caused damages in Concordia Parish, Louisiana, and against defendants domiciled in Concordia Parish, Louisiana, venue is proper before this Honorable Court.

3. This action arises under the Louisiana Employment Discrimination Law, LSA-R.S. 23:301, *et. seq.*

4. White is 42 years of age. He began working for VIDALIA in January 2012 and continued his employment with VIDALIA as a fireman until his employment was terminated, without any valid substantive reason or justification, on May 12th, 2017.

5. At all times relevant herein, White was an "employee" of VIDALIA within the meaning of the ADA, 42 U.S.C. § 12111(4) and also within the meaning of the Louisiana Employment Discrimination Law, LSA-R.S. 23:302.

6. At all times relevant herein, VIDALIA was an "employer" of White within the meaning of the ADA, 42 U.S.C. § 12111(5)(A) and also within the meaning of the

–1–

Louisiana Employment Discrimination Law, LSA-R.S. 23:302.

7. At all times relevant herein, CRAFT was the ultimate policy-maker and decision-maker for VIDALIA.

8. White timely filed a complaint with the EEOC related to all issues herein, and he reserves the right to file a similar complaint in federal court upon receiving his formal notice of right to sue.

9. White also timely sent a written notice of his intent to sue under LSA-R.S. 23:302, *et seq.* to VIDALIA and CRAFT. Said notice was sent on March 28, 2018 and a copy of said notice is attached hereto, the contents of which are constructively incorporated herein as if re-alleged *in-extenso*.

## Facts

10. White began his employment with VIDALIA in January 2012 as a firefighter.

11. On January 11, 2015, while White was employed by VIDALIA as a firefighter, he suffered a broken ankle in a house fire, resulting in an infection and ultimately a below-the-knee amputation. White's injury, resulting infection, and amputation are disabilities as defined by the ADA, 42 U.S.C. §12102(1) and the Louisiana Employment Discrimination Law, LSA-R.S.. 23:322(3).

12. White kept VIDALIA advised of his progress during his recovery and rehabilitation from the broken ankle, infection and amputation. During that time, White's supervisors told him he would have a job upon his medical release, as multiple reasonable accommodations were available within VIDALIA's fire department, if necessary.

13. Instead, VIDALIA – at CRAFT's instruction and directive – replaced White with an employee (or employees) who did not have a disability and then terminated White. At no point did VIDALIA or CRAFT offer any reasonable accommodation to White.

## Cause of Action – Violation of Louisiana ADA

14. VIDALIA unjustifiably used White's disability as a basis for his termination, which

occurred on or about May 12th, 2017.

15. VIDALIA engaged in disability discrimination so severe and pervasive that it unreasonably interfered with White's ability to return to work and drastically altered White's terms, conditions, and privileges of employment.

16. Indeed, by virtue of the foregoing, VIDALIA's disparate treatment of White in an illegal discriminatory manner is in violation of White's rights under the Louisiana Employment Discrimination Law's prohibition against disability-based disparate treatment discrimination.

17. By virtue of the foregoing conduct, White has been the target of illegal discrimination, harassment, termination, and/or refused employment by VIDALIA due to his disability in violation of the Louisiana Employment Discrimination Law, and particularly LA-R.S. 23:323(B)(2), which makes it unlawful for an employer to:

> Discharge or otherwise discriminate against an otherwise qualified disabled person with respect to compensation or the terms, conditions, or privileges of employment on the basis of a disability when it is unrelated to the individual's ability to perform the duties of a particular job or position.

18. As a proximate result of VIDALIA's disability discrimination against White, White has suffered and continues to suffer substantial losses, including the loss of past and future earnings, bonuses, promotional opportunities, fringe benefits, health insurance benefits, disability insurance benefits, life insurance benefits, retirement plan contributions and earnings, and other employment-related benefits.

19. As a further proximate result of VIDALIA's actions, White has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, emotional pain and suffering, and other incidental and consequential damages and expenses.

20. By virtue of the foregoing, White has suffered damages due to VIDALIA's willful and malicious violation of the Louisiana Employment Discrimination Law, for lost back pay, front pay, bonuses, interest, restored benefits, all compensatory damages,

reinstatement, including but not limited to health insurance benefits, disability insurance benefits, and life insurance benefits, emotional pain and suffering, humiliation, mental pain and anguish, attorney fees, expert witness fees, court costs; and is further entitled to liquidated damages, punitive damages and civil penalties to the extent allowed under the Louisiana Employment Discrimination Laws, in an amount to be determined at trial.

**21.** Alternatively, VIDALIA has – through insufficient or nonexistent policies and procedures related to disability-based discrimination – negligently failed to train and supervise its employees and officers (including CRAFT) on what does, and does not, constitute illegal disability-based discrimination.

**22.** Regardless of reason, the decision by VIDALIA to terminate White due to White's physical disability demonstrated a deliberate indifference to White's constitutional rights and caused damages to White as described hereinabove.

**23.** CRAFT was acting under the color of state law and as an employee/officer of VIDALIA when he decided to terminate White. Accordingly, in addition to VIDALIA's municipal liability, CRAFT is also personally liable because he directly and personally participated in the decision to terminate White.

**24.** White requests a trial by jury on all issues herein that may be tried to a jury.

### TRAVELERS' Liability

**25.** TRAVELERS provides insurance coverage for the acts and omissions described hereinabove by both CRAFT and VIDALIA.

**26.** Accordingly, TRAVELERS is liable *in solido*, for the acts and omissions described hereinabove.

### Prayer

WHEREFORE, Plaintiff, Mark A. White, prays that, after due proceedings be had, there be judgment in favor of Plaintiff and against Defendants, finding that Defendants treated White in an illegal discriminatory manner in violation of the Louisiana Employment Discrimination Law; that Defendants terminated White's employment in violation of the e Louisiana Employment Discrimination Law's prohibition against disability-based disparate treatment discrimination; awarding damages to White for lost

back pay, front pay, bonuses, interest, restored benefits, all compensatory damages, damages for emotional pain and suffering, humiliation, mental pain and anguish, attorney fees, liquidated damages, punitive damages, expert witness fees, court costs, and civil penalties.

Respectfully submitted:
**Law Offices of Russell A. Woodard, Jr.,** LLC
114 N Trenton Street Ruston, LA 71270
318.255.4898 (P)  * 318.255.4897
E-mail: raw@woodardclement.com

*Russell A. Woodard, Jr. (#34163)*
Attorney for Plaintiff, Mark A. White

---
SERVICE INSTRUCTIONS
---

**PLEASE HOLD SERVICE AT THIS TIME**



**RAW LAW**
LAW OFFICES OF RUSSELL A. WOODARD, JR

MARCH 28ᵀᴴ, 2018

TO: MAYOR BUZ CRAFT
TOWN OF VIDALIA
P.O. BOX 2010
VIDALIA, LA 71373

RE: NOTICE OF INTENT TO SUE: MARK WHITE V. VIDALIA, ET AL.

---

Dear Mayor Craft—Mark White believes that he was discriminated against in the terms and conditions of his employment with Vidalia Fire Department based on his disability.

Please allow this to serve as notice pursuant to Louisiana Revised Statute, Title 23, Section 303-C that after the passage of 30 days, Mr. White reserves the right to file suit against you, the Town of Vidalia, the Vidalia Fire Department, and any other responsible parties for disability-based employment discrimination. The referenced statutory provision requires the parties to make a good-faith effort to attempt to resolve this dispute prior to the initiation of legal proceedings.

Mr. White is prepared to make a good faith effort to attempt to resolve this matter without the necessity of litigation. I await confirmation from Town of Vidalia and Vidalia Fire Department as to whether or not it desires to explore an amicable resolution as required by the referenced statutory provision. Should efforts at reaching an amicable resolution fail, then Mr. White reserves his right to file suit once the required 30 day period has elapsed to pursue his claims under Louisiana law.

Please also be advised that Mr. White has filed the enclosed Charge of Discrimination with the United States Department of Labor, Equal Employment Opportunity Commission to preserve his federal causes of action and all federal remedies available to him, including his right to seek punitive or exemplary damages.

*Russell A. Woodard, Jr.*

RAW/evc

PRIMARY LOCATION
114 NORTH TRENTON
RUSTON LA 71270

LAW OFFICES OF RUSSELL A. WOODARD, JR. LLC
AFFILIATED WITH LAW OFFICES OF WOODARD & CLEMENT

(T) 318.255.4898 * (F) 318.255.4897
RAW@WOODARDCLEMENT.COM

SECONDARY LOCATION
3510 CYPRESS ST
WEST MONROE LA 71291

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

7012 0470 0001 5822 6009

| | |
|---|---|
| Postage | $ .68 |
| Certified Fee | 3.45 |
| Return Receipt Fee (Endorsement Required) | 2.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 6.88 |

Postmark: RUSTON LA MAR 28 2018 USPS 71270

Sent To: Mayor Buz Craft
Street, Apt No.; or PO Box No. P. Box 2010
City, State, ZIP+4 Vidalia LA 71373

PS Form 3800, August 2006    See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Mayor Buz Craft
Town of Vidalia
P.O. Box 2010
Vidalia, LA 71373

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Michael Smith_  ☐ Agent  ☐ Addressee

B. Received by (Printed Name): Michael Smith
C. Date of Delivery: 4-2-18

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Transfer from service label): 7012 0470 0001 5822 6009

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540