b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MARK A. WHITE | CIVIL ACTION 1:18-CV-00764 |
| VERSUS | JUDGE DRELL |
| CITY OF VIDALIA, *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMENDATION

Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 9). Plaintiff filed a Motion to Remand (Doc. 13). Because Plaintiff stated only a state law claim, this case should be remanded and the motion to dismiss should be denied as moot.

I. Background

White filed a suit pursuant to the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:301, et seq., in the Louisiana 7th Judicial District Court in Concordia Parish. The named Defendants are the City of Vidalia ("Vidalia"), Mayor Edwy Gene Craft ("Mayor Craft"), and the Traveler's Indemnity Company ("Traveler's"), insurer for Vidalia and Mayor Craft. White alleges his employment as a firefighter for the City of Vidalia was terminated after he suffered a broken ankle while at work that became infected, and that resulted in an amputation below the knee (Doc. 1-1). White contends his employer promised that, when he attained a medical release, he would have a job that accommodated his disability. However, instead of being offered job accommodations, White was terminated at Craft's

directive and replaced by a non-disabled employee (Doc. 1-1). White contends his disability was the sole cause for his termination, and that Defendants engaged in disability discrimination. White seeks monetary damages (including punitive) and costs.

Defendants removed on the basis that White's lawsuit is brought pursuant to the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, with supplemental state law claims under the LEDL.

Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), contending: (1) White fails to allege or show he is qualified to be a firefighter and his bare, conclusory allegations are inadequate to state a claim under the ADA or the LEDL; (2) White's ADA action is premature because he has not exhausted his administrative remedies and received a notice of right-to-sue from the EEOC; and (3) Mayor Craft should be dismissed because individuals cannot be liable under Title VII or the LEDL.

White filed a Motion to Remand and an opposition to Defendants' Motion to Dismiss (Doc. 13), contending this Court lacks subject matter jurisdiction because White specifically filed his suit pursuant to the LEDL and reserved the right to file a similar claim in federal court "upon receiving his formal notice of right to sue." Alternatively, White argues his pleadings state a claim for relief pursuant to both the LEDL and the ADA.

II. <u>Law and Analysis</u>

A. <u>Plaintiff's Motion to Remand should be granted.</u>

Federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Whether a claim arises under federal law must be determined by referring to the "well-pleaded complaint." See <u>Merrell Dow Pharmaceuticals, Inc. v. Thompson</u>, 478 U.S. 804, 808 (1986) (quoting <u>Franchise Tax Bd. v. Constr. Laborers Vacation Trust</u>, 463 U.S. 1, 9–10 (1983)); <u>Howery v. Allstate Ins. Co.</u>, 243 F.3d 912, 916 (5th Cir. 2001), cert. den., 534 U.S. 993 (2001). This means the federal question must appear on the face of the complaint. See <u>Torres v. S. Peru Copper Corp.</u>, 113 F.3d 540, 542 (5th Cir. 1997). Defendants may remove only if the plaintiffs could have brought the action in federal court from the outset. Therefore, "the question for removal jurisdiction must also be determined by reference to the 'well-pleaded complaint.'" <u>Merrell Dow Pharmaceuticals, Inc.</u>, 478 U.S. at 808.

The plaintiff is the "master of the claim," and he "may avoid federal jurisdiction by exclusive reliance on state law." See <u>Hughes v. Chevron Phillips Chem. Co. LP</u>, 478 Fed. Appx. 167, 170 (5th Cir. 2012) (citing <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987)); see also <u>Griffith v. Alcon Research, Ltd.</u>, 712 Fed. Appx. 406, 408 (5th Cir. 2017). If the plaintiff so chooses, the plaintiff may decline to assert a basis for federal jurisdiction. See <u>Quinn v. Guerrero</u>, 863 F.3d 353, 359 (5th Cir. 2017), <u>cert. denied,</u> 138 S. Ct. 682 (2018) (citing <u>Caterpillar Inc.</u>, 482 U.S. at 392).

In this case, White explicitly and solely relies upon state law, La. R.S. 23:323. White also states he is not urging a federal claim pursuant to the ADA at this time because he has not fully exhausted his administrative remedies. Nowhere in his petition does White assert or necessarily rely upon a right to relief under federal law. Contra: Leaumont v. City of Alexandria, 582 Fed. Appx. 407, 409-10 (5th Cir. 2014) (Plaintiff cited violations of both Louisiana and federal law in his employment discrimination complaint). White cites the ADA only for the definitions of "employer" and "employee." White then states he "timely filed a complaint with the EEOC related to all issues herein, and he reserved the right to file a similar complaint in federal court upon receiving his formal notice of right to sue" (Doc. 1-1).

White has the right to rely solely upon state law and to choose a state forum. Defendants cannot attempt to add a federal claim and thereby choose the forum.[1]

Moreover, Title VII's exhaustion requirement is a prerequisite to suit in federal court. See Davis v. Fort Bend Cty., 893 F.3d 300, 304 (5th Cir. 2018), pet. for cert. filed (10/18/18)[2] (citing Young v. City of Houston, 906 F.2d 177, 180 (5th

---

[1] Defendants have not argued that White's claim arises under federal law and that resolving a federal issue is necessary to resolution of the state law claim. See Hughes v. Chevron Phillips Chemical Co. LP, 478 Fed. Appx. 167, 170 (2012), cert. den., 568 U.S. 1114 (2013).

[2] In Davis, the Fifth Circuit recognized there are three lines of cases in the Fifth Circuit on the issue of whether Title VII's exhaustion requirement is jurisdictional: (1) one line holds it is jurisdictional; (2) a second line holds it is a non-jurisdictional prerequisite; and (3) the third line acknowledges the Circuit split and declines to take a position. See Davis, 893 F.3d at 304. In Davis, the Fifth Circuit applied the "rule of orderliness" to hold that, pursuant to the earliest Fifth Circuit case law on the issue, the exhaustion requirement is not jurisdictional. See Davis, 893 F.3d at 304-305.

A petition for certiorari was filed in Davis in the United States Supreme Court on October 19, 2018 (case number 18-525). Even if the Supreme Court grants certiorari and holds the exhaustion

Cir. 1990); Womble v. Bhangu, 864 F.2d 1212, 1213 (5th Cir. 1989)). As stated in White's complaint, he has not received a "notice of right to sue" in federal court. Therefore, he could not have brought this action in federal court.

Since White relies solely on state law on the face of his complaint and a federal claim would be barred for lack of exhaustion, White's Motion to Remand (Doc. 13) should be granted.

### B. Defendant's Motion to Dismiss should be denied as moot.

Because this case should be remanded, Defendant's Motion to Dismiss (Doc. 9) should be denied as moot.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that White's Motion to Remand (Doc. 13) be GRANTED.

IT IS FURTHER RECOMMENDED that Defendants" Motion to Dismiss (Doc. 9) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor

---

requirement is jurisdictional, the result is the same in this case. Defendants should not have removed the case.

encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in Alexandria, Louisiana on this  27th  day of December, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge